**The Law Offices of Sarah Lampi Little**
**SARAH LAMPI LITTLE** Cal Bar 215635
**M. COLBY FREEMAN** Cal Bar 264808
1276 A Street
Hayward, CA 94541
510-581-4060
sarah@lampilittlelaw.com
colby@lampilittlelaw.com

Attorneys for Debtor(s)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| In re:<br><br>GIL DIAZ PIMENTEL,<br>BENJAMINA D. PIMENTEL<br><br>**Debtor** | Chapter 13<br><br>Case No. 10-40078-RN-13<br><br>**MOTION TO VALUE SECURITY, DETERMINE STATUS OF CLAIM AND DECLARE VOID LIEN** |
|---|---|

Pursuant to 11 U.S.C. Section 506(a) and Fed. R. Bankr. P. 3012, debtors, by their attorney, M. Colby freeman, hereby move the Court for an Order valuing the below described security, determining the status of the below referenced creditor's claims and declaring void the lien of creditor upon chapter 13 discharge .

**FACTS**

The collateral sought to be valued in this motion is the debtors' family home commonly known as 15058 Edgemoor St. San Leandro, Alameda County, California 94579, more particularly described as:

Lot 23, Block 3, Tract 906, Filed Nevember 17, 1949, Map Book 30, Page 36. Alameda County Records. Also known as 15058 Edgemoor Street, San Leandro, California 94579.

APN:080H-1500-029

The creditor whose lien validity and claim status is to be determined by this motion is:

**Bank of America Home Loans**
**P.O. Box 10287**
**Van Nuys, CA 91410-0287**

**DEBTOR(S) VALUATION AND BASIS:** $389,000.00 as stated on Schedule A of the bankruptcy petition and chapter 13 plan. This value is based on a survey of the immediate area surrounding that property, and a look at recent comparable sales.

The subject property is encumbered as follows: a 1st deed of trust in favor of GMAC Mortgage, LLC in the amount of $597,796.27, and a 2nd deed of trust recorded with the Recorders office of Alameda County as **Instrument #'s 2006368592 and 2006368593** in favor of Greenpoint Mortgage and its successor in interest, Bank of America Home Loans, in the amount of $67,887.30.

## POINTS AND AUTHORITIES

. 11 U.S.C. 506(a)(1) provides that a creditor has an allowed secured claim to the extent it's of the creditor's interest is the estate property, and an unsecured claim to the extent it's claim exceeds the value. 11 U.S.C. Section 506(d) provides that the to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.

11 U.S.C. section 1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. . . . However where a creditor's claim, which is seemingly secured only by an interest in the debtor's primary residence, is determined to be entirely unsecured pursuant to 11 U.S.C. section 506, the lien is void. See In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).

**WHEREFORE,** debtors pray for the following relief:

1. That the collateral is valued at $389,000.00.

2. That any claim of Bank of America Home Loans, 2nd deed of trust recorded with the Recorders office of Alameda County as **Instrument #'s 2006368592 and 2006368593** in favor of Greenpoint Mortgage and its successor in interest, Bank of America Home Loans, be valued pursuant to 11 U.S.C. section 506(a) and thereby determined to be entirely unsecured, and

3. That upon discharge under 11 U.S.C. section 1328(a), the 2nd deed of trust recorded with the Recorders office of Alameda County as **Instrument #'s 2006368592 and 2006368593** in favor of Greenpoint Mortgage and its successor in interest, Bank of America Home Loans, in the amount of $67,887.30, securing creditor's claim be declared void, and that debtor may record this order with the county recorder as proof that the deed of trust of creditors is void.

Dated: March 23, 2010       _/S/M. Colby Freeman_____
M. COLBY FREEMAN
Attorney for Debtor(s)